h LEMMON, J.,
Dissenting.
The majority’s statement that no taxable event has occurred in the present case, while accurate, begs the question of whether the tortfeasor should be held responsible for causing the tort victim to incur the taxable event of buying a vehicle substantially identical to the vehicle the tortfeasor destroyed. The only way the tort victim can be restored to the position he occupied just prior to the tort is to purchase a comparable vehicle, and no one can do this without paying sales tax.
The recovery of sales taxes necessary to purchase a comparable vehicle clearly falls within the literal wording of the obligation imposed upon the tortfeasor by La. Civ. Code art. 2315 to repair damages. Whether Article 2315 should be limited to exclude these particular damages, as a matter of policy, is a decision for this court. I am not persuaded by the intermediate court decisions relied upon by the majority that we should limit recovery of damages under Article 2315 to the “value”[1] of the *1237 | ¡.vehicle just before the accident, and I perceive no policy reason to do so.

. The term “value” has different meanings in different contexts. The "value” of a vehicle to the tort victim who has to purchase it (by paying the sales price plus tax) to replace the vehicle destroyed by the tortfeasor is different from the "value” of the same vehicle to the *1237 person who sells it to the tort victim (and receives only the sales price).
In my view, the "value” of the destroyed vehicle, at the time just prior to the accident when the tort victim had no intention of selling it, has little relevance in determining reparation for tort-caused damages,